IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WAYNA SMITH, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:10-CV-1348-TWT-CCH |
| INDYMAC FEDERAL BANK, F.S.B., : | |
| MERS, INC., ATTORNEYS' TITLE : | |
| GUARANTY FUND, INC., MCCURDY : | |
| & CANDLER, and DOES 1-XX, : | |
| : | |
| Defendants. : | |

## **O R D E R**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing

for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

IT IS SO ORDERED this 28th day of September, 2010.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WAYNA SMITH, | : | CIVIL ACTION NO. |
|  | : | 1:10-CV-1348-TWT-CCH |
| Plaintiff, | : | |
|  | : | |
| v. | : | |
|  | : | |
| INDYMAC FEDERAL BANK, F.S.B., | : | |
| MERS, INC., ATTORNEYS' TITLE | : | |
| GUARANTY FUND, INC., MCCURDY | : | |
| & CANDLER, and DOES 1-XX, | : | **FINAL REPORT AND** |
|  | : | **RECOMMENDATION ON A** |
| Defendants. | : | **MOTION TO DISMISS** |

Plaintiff, proceeding *pro se*, originally filed the above-captioned civil action in the Superior Court of Fayette County on February 1, 2010. See Complaint, attached to Notice of Removal [1]. In the Complaint, Plaintiff claims violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2600 *et seq.*, and O.C.G.A. § 44-14-162(b). Plaintiff's allegations arise out of a foreclosure sale of her real property that she contends was scheduled to occur on February 2, 2010, the day after she originally filed her Complaint in the Superior Court of Fayette County.

On May 5, 2010, Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") filed a Notice of Removal [1] removing the action to this Court, in which

MERS alleged that it removed the action within thirty days after receipt of the Complaint. See Notice of Removal [1] at 1. As of this date, none of the other named Defendants has entered an appearance, and Plaintiff has not filed any proof of service with the Court reflecting that she has served any of the Defendants with a copy of the summons and complaint.

The action is before the Court on the Motion to Dismiss [4] filed by Defendant MERS. MERS argues that all of the claims asserted against it should be dismissed for insufficiency of service of process. MERS argues further that the Complaint should be dismissed for failure to state a claim on which relief can be granted. The Plaintiff has not filed any response to the Motion to Dismiss. Pursuant to Local Rule 7.1B, a failure to respond indicates that the motion is unopposed. See LR 7.1B, NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). Nevertheless, the Court has considered the arguments in the Motion to Dismiss, and for the reasons discussed below, the undersigned **RECOMMENDS** that the Motion to Dismiss [4] be **GRANTED** and that all claims against MERS be **DISMISSED** with prejudice.

In addition, because Plaintiff has failed to provide any proof of service on any of the other Defendants within the time period required under Rule 4(m) of the

Federal Rules of Civil Procedure, the undersigned **RECOMMENDS** that all of the claims against the remaining Defendants be **DISMISSED** without prejudice for insufficiency of service of process.

## I.     BACKGROUND

On February 1, 2010, Plaintiff filed a "Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction"[1] in the Superior Court of Fayette County asserting various claims against several Defendants: MERS, IndyMac Federal Bank F.S.B., Attorneys' Title Guaranty Fund, Inc., McCurdy & Candler, and Does I-XX, inclusive.  See Complaint, attached to Notice of Removal [1].  In the Complaint, Plaintiff alleges that, at all times relevant, she has resided at 410 Carriage Oaks Drive, Tyrone, Georgia, 30290 (the "Property"). Compl. at ¶ 1.  She further alleges that, on January 26, 2005, she executed a Security Deed for the Property, that Defendant IndyMac Federal Bank F.S.B. ("IndyMac") was the original lender with whom she executed the Security Deed, and that IndyMac failed to disclose certain information to her upon request. Id. at ¶¶ 2, 4.  Plaintiff alleges that Defendant MERS is a grantee of the Security Deed entered between Plaintiff and

---

[1] To the extent that Plaintiff's Complaint was also a Motion for a Temporary Restraining Order, Judge Thrash denied that motion in an Order [3] dated May 5, 2010, the same day that MERS filed the Notice of Removal in this Court.

3

IndyMac. Id. at ¶ 3. She also alleges that Defendant McCurdy & Candler is a debt collector and that Defendant Attorney's Title Guaranty Fund, Inc., is a closing agent. Id. at ¶ 3.

Plaintiff alleges that, although IndyMac was the original lender on the Security Deed executed on the Property, MERS was the nominee on that Security Deed. Id. at ¶ 8. She further contends that, as of March 31, 2009, MERS "as a lender" assigned the Security Deed to IndyMac so that IndyMac could then act as the lender and begin foreclosure proceedings on the Property. Id. at ¶ 8. She contends that she is "under doubt as to who shall be treated as Actual Lender and demands that actual 'note' must be produced in the court so that it may be clearer that the foreclosure is undertaken by Actual Lender and not a Imposter [sic] pretending to be actual Lender." Id. at ¶ 8.

Plaintiff further contends that she has been "denied actual knowledge in violation of state, federal statutes, and FDCPA and RESPA, of the holder of the note at present" and that Defendants "knowingly, willingly, and wantonly acted in bad faith, and with blatant disregard of Plaintiff's property Rights, Federal Law and Georgia Statutes in an attempt to perpetrate a fraud, and wrongfully foreclose upon subject real property." Id. at ¶¶ 9, 10. She claims that Defendants "knowingly, willingly, wantonly, fraudulently and illegally continued to pursue the Sale under

4

Power in direct violation" of the FDCPA. Id. at ¶ 13. She further claims that Defendants "have knowingly, willingly, wantonly, fraudulently and illegally continued to pursue the Sale under Power in direct violation" of RESPA. Id. at ¶ 14. Finally, she alleges that the Defendants' attempt to foreclose upon the Property violates O.C.G.A. § 44-14-162(b).

## II.   DISCUSSION

### A.   Insufficiency of Service of Process

In the Motion to Dismiss, Defendant MERS argues that the Plaintiff's claims against should be dismissed because of insufficiency of service of process, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. According to MERS, Plaintiff never served it with a copy of the summons and complaint according to the requirements of Rule 4. Indeed, the docket reflects that Plaintiff has never filed any proof of service with the Court, and Plaintiff has neither asserted that service was ever perfected on MERS nor opposed dismissal on the ground of insufficiency of service of process. The docket also does not reflect that MERS waived service of the summons and complaint.

Rule 4 of the Federal Rules of Civil Procedure, which governs service of process in the federal courts, provides, in relevant part:

> A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

Fed. R. Civ. P. 4(c).

Pursuant to Rule 4(c)(2), "Service may be effected by any person who is not a party and who is at least 18 years of age." Fed. R. Civ. P. 4(c)(2). Rule 4(e) provides that an individual may be served according to the method established by state law; by delivering a copy of the summons and complaint to the individual personally; by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy of each to an authorized agent. Fed. R. Civ. P. 4(e). Furthermore, Rule 4(h) establishes the proper method of service of process upon corporations. Pursuant to Rule 4(h), service upon a corporation may be effected either in accordance with state law, or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive

service of process." Fed. R. Civ. P. 4(h)(1). Unless service is waived, the person effecting service must file proof of service with the Court in the form of a server's affidavit. Fed. R. Civ. P. 4(l).

Rule 4(m) requires that a plaintiff serve the complaint within 120 days of filing it. Fed. R. Civ. P. 4(m). Failure to comply with this rule will result in dismissal of the complaint without prejudice unless the plaintiff can show good cause why service was not made within that period. Id. In this case, the Plaintiff originally filed the Complaint in the Superior Court of Fayette County on February 1, 2010; as of this date, more than 120 days have passed and Plaintiff has failed to provide proof of service upon any of the Defendants with the Court. Plaintiff has not provided any evidence that she ever attempted to serve MERS or any of the other Defendants, nor has she requested additional time in which to effect proper service of the summons and complaint.

The Court finds that, based upon the representations of MERS and the record in this action, the Plaintiff has failed to comply with the procedure for service established by Rule 4, and has failed to present proof of service as required by Rule 4(l). Furthermore, Plaintiff has not attempted to show good cause for her failure to serve MERS or the other Defendants. Accordingly, Plaintiff's Complaint is subject

to dismissal without prejudice as to all Defendants for insufficiency of service of process within the time required under Rule 4(m).  See Fed. R. Civ. P. 4(m). Defendant MERS argues further, however, that all of Plaintiff's claims asserted against it should be dismissed *with* prejudice because Plaintiff has failed to assert sufficient facts in the Complaint to state a plausible claim against MERS under any of the causes of action presented by Plaintiff.

### B. Failure to State a Claim

Defendant MERS has moved to dismiss all of the claims asserted against it for failure to state a claim, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. MERS argues that Plaintiff has failed to state a claim because she has failed to allege sufficient facts in the Complaint to assert a plausible claim against MERS under the FDCPA, RESPA, or O.C.G.A. § 44-14-162.

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  When evaluating a

8

motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (*quoting* Twombly, 550 U.S. at 570)).

In Twombly the Supreme Court put to rest the notion that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). Noting that Conley had been misunderstood by those reading its "'no set of facts' language . . . in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings," the Court held that, to survive a motion to dismiss, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 561, 570. The complaint may not just plead facts sufficient to find a claim to relief is conceivable; instead, there must be sufficient facts to demonstrate that the claim made is plausible. Id. at 570.

9

In 2009 the Supreme Court clarified that the plausibility standard described in Twombly applied not just in the antitrust context in which it was decided, but "'in all civil actions and proceedings in the United States district courts.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Fed. R. Civ. P. 1). "Our decision in Twombly expounded the pleading standard for all civil actions, and it applies to antitrust and discrimination suits alike." Iqbal, 129 S. Ct. at 1953 (internal citations omitted). The Court also took the opportunity to expound on the Twombly standard, stating:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. at 1949 (internal citations omitted).

The Iqbal Court went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss" the Supreme Court then advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" Id. at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)) (other citations omitted).

Because Plaintiff is proceeding *pro se*, her Complaint must be "liberally construed." Erickson v. Pardus, 551 U.S. 89 (2007) (*quoting* Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.; see also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").

Although the Court has attempted to interpret Plaintiff's Complaint leniently in accordance with this less stringent standard, the undersigned agrees with MERS that Plaintiff's Complaint contains insufficient factual allegations against MERS to

11

support any claim for relief. Plaintiff asserts that she provided notices to Defendants and that these notices were ignored in violation of RESPA and the FDCPA, but she does not describe the notices or explain how they violated the statutes cited. See, e.g., Complaint at ¶¶ 2, 9, 12. At best, Plaintiff has filed a shotgun complaint. She lists several federal and state statutes and vaguely alleges that each has been violated. She fails, however, to allege sufficient facts or to specify which facts support which claim. "Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice." Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001). Plaintiff's Complaint presents an impediment to justice in that the Court is unable to determine which claims she makes in earnest, and whether she is able to point to evidence supporting any claim in particular.

With respect to Plaintiff's claim asserted under the FDCPA, the Court finds that she has failed to allege sufficient facts to assert a plausible claim against MERS. In order to state a claim under the FDCPA, Plaintiff must allege sufficient facts to assert a plausible claim that the Defendant MERS is a debt collector and that it engaged in some act prohibited by the FDCPA, or failed to disclose information required by the FDCPA, in attempting to collect from Plaintiff on her consumer debt. See Kaplan v. Assetcare, Inc., 88 F. Supp.2d 1355, 1360-61 (S.D. Fla. 2000). It is well established

that the FDCPA applies only to "debt collectors" and not to creditors or mortgage servicers. 15 U.S.C. § 1692a(6). Thus, Defendants are not "debt collectors" under the FDCPA because the allegations of the Complaint indicate that they were attempting to collect their own debt from Plaintiffs. See Humphrey v. Washington Mutual Bank, F.A., 2007 U.S. Dist. LEXIS 40279 (N.D. Ga., June 1, 2007).

Moreover, the Eleventh Circuit has held that foreclosure on a security interest is considered "debt collection" activity under the FDCPA only for the purposes of 15 U.S.C. § 1692f(6). See Warren v. Countrywide Home Loans, Inc., 342 Fed. Appx. 458, 460 (11th Cir. 2009) (unpublished) ("the plain language of the FDCPA supports the district court's conclusion that foreclosing on a security interest is not debt collection activity for purposes of § 1692g" and "an enforcer of a security interest, such as a mortgage company foreclosing on mortgages of real property . . . falls outside the ambit of the FDCPA except for the provisions of section 1692f(6)" (citations omitted)). Pursuant to 15 U.S.C. § 1692a(6), the definition of "debt collector" includes persons who have a business that has a "principal purpose" of "the enforcement of security interests." 15 U.S.C. § 1692a(6). Thus, an enforcer of a security interest may be held liable under the FDCPA for its unlawful activities in enforcing security interests if such enforcement is the principal purpose of its

business. In this case, Plaintiff has not alleged that MERS is a debt collector, nor has she alleged that the principal purpose of its business is the enforcement of security interests.[2] Accordingly, she has failed to allege sufficient facts to assert a plausible claim against MERS under the FDCPA.

The Court also finds that Plaintiff has failed to state a claim against MERS under RESPA. Plaintiff makes a general allegation in the Complaint that she "has been denied actual knowledge in violation of state, federal statutes, and FDCPA and RESPA," but she fails to explain what MERS did to deny her "actual knowledge" of something, and fails to explain how the "denial of actual knowledge" was a violation of RESPA. Compl. at ¶ 9. The Complaint further alleges that "Defendants" have "illegally continued to pursue the Sale under Power in direct violation of the Real Estate Settlement Procedures Act." Compl. at ¶ 14. Again, however, Plaintiff has failed to allege any fact that MERS took any particular action against her that was in violation of RESPA, and she fails to identify any particular section of RESPA that she contends was violated. Accordingly, the Court concludes that Plaintiff has stated no claim to relief that is plausible on its face against MERS under either the FDCPA or RESPA.

---

[2] The only Defendant alleged to be a debt collector in the Complaint is McCurdy and Candler. See Compl. at ¶ 3.

Finally, Plaintiff asserts a claim against MERS under O.C.G.A. § 44-14-162(b), which states in relevant part: "The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located." O.C.G.A. § 44-14-162(b). Plaintiff alleges that, to her "knowledge and belief, there is no Note on the Official Record to secure the above referenced Security Deed." Compl. at ¶ 18. Plaintiff also alleges in the Complaint, however, that, on January 26, 2005, she executed a Security Deed for the Property in favor of IndyMac, and that the Security Deed was "duly recorded in Fayette County, Georgia Records." Id. at ¶ 5. Plaintiff further alleges that, on March 31, 2009, MERS, who had previously been the grantee of the Security Deed, assigned the deed to IndyMac so that IndyMac could then act as the lender and begin foreclosure proceedings on the Property. Id. at ¶ 8.

Significantly, Plaintiff fails to allege that MERS foreclosed on the Property, and fails to allege sufficient facts that would establish a plausible claim that MERS violated O.C.G.A. § 44-14-162(b) in some way. The allegations of Plaintiff's Complaint reflect that IndyMac was the lender of the mortgage on the Property, that IndyMac held the Security Deed, and that IndyMac filed the Security Deed with the

clerk of the Superior Court of Fayette County. It appears from the Plaintiff's allegations in the Complaint that IndyMac was the entity who Plaintiff believes was planning to foreclose on the Property, although she does not allege that the Property has been foreclosed upon at the time of filing the Complaint. In any event, the Plaintiff has failed to assert sufficient facts to state a plausible claim against MERS under O.C.G.A. § 44-14-162(b).

Accordingly, the undersigned finds that the allegations in the Complaint against MERS do not meet the requirements of Rule 8 of the Federal Rules of Civil Procedure, as clarified by the Supreme Court in <u>Twombly</u> and <u>Iqbal</u>, and the Plaintiff's claims against MERS should therefore be dismissed with prejudice.

### III.   RECOMMENDATION

For all the above reasons, **IT IS RECOMMENDED** that the Motion to Dismiss [4] filed by Defendant MERS be **GRANTED** and that all claims against MERS be **DISMISSED** with prejudice.

In addition, because Plaintiff has failed to provide any proof of service on any of the Defendants within the time period required under Rule 4(m) of the Federal Rules of Civil Procedure, **IT IS FURTHER RECOMMENDED** that the claims

against the remaining Defendants be **DISMISSED** without prejudice for insufficiency of service of process.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

IT IS SO RECOMMENDED this 28th day of September, 2010.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE